[Civ. No. 3219. Fourth Dist. Jan. 28, 1943.]

EDWIN M. DAUGHERTY, as Commissioner of Corporations, etc., Petitioner, v. THE SUPERIOR COURT OF IMPERIAL COUNTY et al., Respondents.

Earl Warren, Attorney General, and Frank Richards, Deputy Attorney General, for Petitioner.

D. B. Roberts, Lee Nuffer and Wright, Thomas & Dorman for Respondents.

BARNARD, P, J.—This is a proceeding in prohibition, through which the petitioner seeks to restrain and prohibit the respondents from taking any further action in a matter pending before the respondent court, save and except to dismiss the same. The matter in question is a proceeding in aid of voluntary dissolution brought under section 403 of the Civil Code.

The Peoples Finance & Thrift Company of Imperial Valley, which will be referred to as the "corporation," was organized in 1925 as an industrial loan company pursuant to the provisions of the Industrial Loan Act (Stats. 1917, chap. 522; Deering's Gen. Laws, 1937, Act 3603), as amended. For convenience, this will be referred to as the "loan act." The corporation, having elected to voluntarily wind up its affairs and dissolve, pursuant to the provisions of section 399 et seq. of the Civil Code, on May 13, 1942, filed a petition under section 403 of that code praying for court supervision over the winding up of its affairs. On the same day the court made an order authorizing the corporation to proceed with the liquidation of its affairs as provided by law and as the court might from time to time direct. An audit of the corporation's books, commenced by the petitioner on May 13, 1942, disclosed that all certificate holders and all creditors of the corporation had been paid in full except a claim of the Department of Corporations for $236.05, the cost of the audit. While the corporation has disputed this claim it has offered to pay any amount adjudged to be due.

On June 12, 1942, the petitioner filed a petition in the respondent court praying that it terminate the proceeding instituted by the corporation. An answer was filed and a hearing had and, on September 28, 1942, the court entered a judgment denying this petition, holding that it had jurisdiction to supervise the dissolution and winding-up of this corporation and directing a continuance of the dissolution proceeding. On September 29, 1942, the corporation filed with the respondent court its first account and a petition for partial distribution to the stockholders, requesting that the same be settled and that the court direct a partial dis-

tribution to the shareholders of $65 per share. The court set the matter for hearing on October 9, 1942, and before that date the present proceeding in prohibition was commenced.

The petitioner, for the purposes of this proceeding, concedes that the corporation is solvent and that it has complied in all respects with the provisions of the loan act, except as to the matter here in controversy. ■ His only contention is that although the loan act does not expressly provide for the liquidation of solvent and law-abiding industrial loan companies its provisions, properly interpreted, leave the voluntary liquidation of such companies under the sole supervision and control of the Corporation Commissioner and deprive the superior court of any jurisdiction in connection with such a. dissolution.

Section 4 of the loan act provides that every corporation organized thereunder shall have power *"Subject to the supervision and control of the Corporation Commissioner"* to do certain things. After enumerating certain powers under the headings "First" to "Fifth," inclusive, the final paragraph of section 4, which is not numbered, reads: "In addition to the powers herein enumerated, every corporation, under the provisions of this act shall have the general powers conferred upon corporations by Chapter 10, Title 1, Part 4, Division 1 of the Civil Code *except as herein otherwise provided."* (All italics ours.) The first section of that chapter of the Civil Code (§ 341) authorizes every corporation to do certain things including "(12) To do any act authorized under this title." The power thus given by subdivision 12 of section 341 of the Civil Code would seem to include the provisions for voluntary dissolution contained in chapter XV of that title of the Civil Code, being set forth in sections 399 to 403d, inclusive. This includes section 403, the applicability of which is here in question.

The respondents argue, in brief, that the provision for supervision and control by the Corporation Commissioner, set forth in the opening paragraph of section 4 of the loan act, applies only to the powers specially enumerated under the headings "First" to "Fifth," inclusive, which follow that provision, and that it was not intended by the Legislature to make the general powers, given by the final paragraph of section 4, subject to such supervision and control. On the other hand, the petitioner contends that the right of supervision and control thus given to him applies not only to the

enumerated special powers but also to the general powers given by reference. It is then contended that this final paragraph of section 4 gives such a corporation only such general powers as relate to matters which are not ''otherwise provided'' for in the loan act itself; that while this grant of general powers includes the right of voluntary dissolution given by section 400 of the Civil Code it does not include the right of invoking the assistance of the superior court over a voluntary dissolution given by section 403 of the Civil Code, since it is ''otherwise provided'' in the first paragraph of section 4 of the loan act that the Corporation Commissioner shall have supervision and control over all powers given the corporation; that the latter provision includes supervision over the dissolution of such a corporation as well as over its other business affairs; that the power of supervision thus given to the commissioner is entirely inconsistent with any supervision of the superior court under section 403 of the Civil Code; and that it follows that this corporation had no right to seek the aid of the court under section 403 of the Civil Code and the respondent court was without jurisdiction to act under that section.

While the petitioner concedes that this corporation had a right to dissolve and wind up its affairs he argues that for the reasons above stated he has the sole supervision and control over this liquidation. His position, briefly stated, is that under the general powers thus given such companies are entitled to voluntarily dissolve and liquidate under the provisions of section 400 of the Civil Code, which is not inconsistent with anything in the loan act; that under section 400 of the Civil Code the officers and directors of the corporation are the liquidating agents and remain in possession of the assets of the corporation and in charge of its affairs; that while they are so doing the commissioner retains supervision and control over their activities, although he may not interfere so long as the liquidation is conducted in a proper manner; that should the commissioner later find there was a danger of insolvency or that a situation had arisen making section 11 of the loan act applicable, he would then take charge of the affairs of the corporation and become the liquidating agent; that if the commissioner should thus take over the affairs of the corporation section 11 of the loan act would apply and the superior court would then have control over the commissioner's acts as the liquidating agent; that until and unless the commissioner thus takes over the liquidation

remains subject to the supervision and control of the commissioner; and that during such time section 403 of the Civil Code cannot apply, as such a supervision by the court would be inconsistent with the commissioner's supervision and control as authorized by the loan act.

We are unable to entirely agree with the contentions of either party. Section 4 of the loan act provides that every such corporation shall have power to do certain enumerated things and shall also have the general powers conferred by the designated portions of the Civil Code, except as otherwise provided. The language and punctuation used in the first clause of section 4 naturally indicate that the phrase "Subject to the supervision and control of the Corporation Commissioner" was intended to apply to all the powers which are given to such a corporation by that section, including both the enumerated special powers and the general powers given by reference. These general powers include many which materially affect the manner in which the business of such a corporation may lawfully be conducted. The purpose of the loan act, undoubtedly, was to protect the interests of shareholders, creditors, and all others interested in or affected by the business of the corporation. In view of that purpose it is hardly reasonable to believe that the Legislature intended to limit the prescribed supervision and control to matters arising from the special powers given, and to exclude therefrom all control over the many general powers which would also affect the conduct of the business which the act was designed to regulate. Such a limitation might well interfere with or entirely defeat the end sought to be accomplished. We, therefore, hold that the grant of general powers under the last paragraph of section 4 is governed by the first clause of that section, and that such corporations are given those general powers "Subject to the supervision and control of the Corporation Commissioner."

On the other hand, it does not follow that the limitation "except as herein otherwise provided," which is attached to this general grant of powers was intended to exclude the power to invoke the assistance of a court in the event of a voluntary dissolution, as provided by section 403 of the Civil Code, merely because a form of supervision and control was given to the commissioner under the first clause of section 4. A number of the general powers which may be exercised by an ordinary corporation, as provided in the sections of the Civil Code to which reference is made, may not be exercised

by such a loan company because of the provisions and limitations of the special grant of powers in section 4 of the loan act. Undoubtedly, the phrase "except as herein otherwise provided" was intended to refer to this difference between the powers that might be exercised by such a loan company and the powers that might be exercised by a general corporation, and to provide that the general powers given by the Civil Code should not apply where different or more limited powers are provided in the loan act itself. That exception is a part of a grant of powers, and must have been intended to relate to what powers might be exercised by such a corporation and not to the matter of control or supervision over the manner in which such powers were to be exercised.

The petitioner concedes that section 4 of the loan act adopts, by reference, the provisions of the general law permitting the voluntary liquidation of a corporation but contends that the matters of procedure in carrying out such a voluntary liquidation, provided by section 403 of the Civil Code, have not been adopted by reference because this involves "supervision" by a court, which is inconsistent with the fact that supervision and control has been given to the commissioner. We can see no inconsistency between the powers given, respectively, to the commissioner by the loan act and to the court by section 403 of the Civil Code. The latter section gives to a superior court power to order and adjudge as to any and all matters in connection with the winding up of a corporation, including many specified matters which involve the adjudication of disputes which may arise between any of the interested parties. Assuming that the commissioner has the right to supervise the voluntary liquidation of such a corporation, as well as the conduct of its general business, this very supervision may raise disputes between the commissioner and the corporation which must be determined. The fact that the commissioner has such a right of supervision does not do away with the fact that other disputes and questions may arise between interested parties, in the course of the liquidation, which call for settlement and adjudication. The loan act itself does not contain any other provisions for the handling of such matters, or establish a procedure by which the liquidation may be carried out. The right to supervise any such liquidation does not include the right to prevent such a liquidation. While the right and power to voluntarily liquidate may be subject to the supervision and control of the commissioner, the right to carry out that liquidation still

exists provided it is done in a proper manner. The right of supervision given to the commissioner would undoubtedly justify his calling to the attention of the court any matters affecting the fairness or validity of the manner in which the liquidation was being carried out. But there is and can be no inconsistency between the powers given to the court and the power of supervision which is given to the commissioner by the terms of the loan act. Under the plain provisions of that act, as we view it, the powers of the commissioner insofar as material here, are to be exercised, when exercised at all, as a part of the process of voluntarily winding up the affairs of the corporation and the entire matter, including the acts of the commissioner in this connection, are made subject to the supervision of the superior court by the last paragraph of section 4 of the loan act. We conclude, therefore, that nothing in that section deprives the respondent court of jurisdiction to proceed with the matter in question.

For the reasons given, the petition is denied and the alternative writ is discharged.

Marks, J., and Griffin, J., concurred.